Filed 4/20/23 P. v. Taylor CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

THE PEOPLE,

    Plaintiff and Respondent,

v.

GARRETT JOHN TAYLOR,

    Defendant and Appellant.

2d Crim. No. B319887
(Super. Ct. No. F485023)
(San Luis Obispo County)

Here we hold that a period of mandatory supervision under Penal Code[1] section 1170, subdivision (h)(5)(B), does not entitle a defendant to have his felony convictions reduced to misdemeanors under section 17, subdivision (b). We therefore conclude that Garrett John Taylor, who was sentenced to a term in county jail followed by a period of mandatory supervision is not entitled to have his felony convictions reduced to misdemeanors under section 17, subdivision (b).

---

[1] All further references are to the Penal Code unless otherwise indicated.

We affirm the trial court's order denying Taylor's petition under section 17, subdivision (b).

FACTS

Taylor was convicted by a jury of vehicular manslaughter (§ 191.5, subd. (b)) and unlawful driving or taking of a vehicle. (Veh. Code § 10851, subd. (a).)  Both offenses are "wobblers," punishable as a felony or a misdemeanor.

The trial court denied probation and sentenced Taylor to a split sentence under section 1170, subdivision (h)(5)(B): two and a half years in county jail and one and a half years of mandatory supervision.  Imprisonment in the county jail pursuant to section 1170, subdivision (h), makes the offenses felonies.  (§ 17, subd. (a).)

After Taylor served his sentence, he moved to have his felony convictions reduced to misdemeanors under section 17, subdivision (b).  The trial court denied the motion because it had no statutory authority to reduce his sentence.

DISCUSSION

Section 17, subdivision (b), provides in part:  "When a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170, or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:  ¶ (1) After a judgment imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170 [¶. . . ¶]  ¶ (3) When the court grants probation to a defendant and at the time of granting probation, or on application of the defendant or

2

probation officer thereafter, the court declares the offense to be a misdemeanor."

Under the plain and clear language of section 17, subdivision (b)(1), Taylor is not entitled to have his convictions reduced to misdemeanors because he was sentenced to county jail under subdivision (h) of section 1170. Section 17, subdivision (b), makes no exception for a split sentence under section 1170, subdivision (h)(5)(B). Section 17, subdivision (b)(3), is not applicable because Taylor was not granted probation.

Taylor argues that effective January 1, 2019, the Legislature amended section 17, subdivision (b)(3), to eliminate the requirement that the court grant probation "without the imposition of a sentence." (Assem. Bill 1941, Stats. 2018, ch. 18 § 1.) Now the court can reduce a felony to a misdemeanor when the court grants probation even if a sentence was imposed. Taylor claims that mandatory supervision is the functional equivalent of probation. Thus, Taylor believes he is eligible for relief under section 17, subdivision (b)(3). Taylor's argument suffers from at least two defects, either one of which is fatal to his cause.

First, Taylor cannot escape that he was sentenced under section 1170, subdivision (h). Section 17, subdivision (b)(1), categorically denies relief to anyone who was sentenced under section 1170, subdivision (h). There are no exceptions. Thus, he could not obtain relief even if mandatory supervision were the functional equivalent of probation.

Second, mandatory supervision is not the functional equivalent of probation. "A split sentence of local jail time followed by a period of mandatory supervision is a hybrid sentence, distinct from both probation and parole."

3

(*People v. Bryant* (2021) 11 Cal.5th 976, 985 (*Bryant*).) In fact, an earlier version of section 1170, used the term "mandatory probation." (Stats. 2011, ch. 39, § 27.) The subdivision was amended to change the term to "mandatory supervision." (Stats. 2012, ch. 43, §§ 27, 14; see *Bryant*, *supra*, 11 Cal.5th at p. 985.) The Legislature would not have bothered to amend the statute if it viewed mandatory supervision as the functional equivalent of probation.

Taylor's reliance on *People v. Borynack* (2015) 238 Cal.App.4th 958 (*Borynack*) is misplaced. There, the defendant pled guilty to multiple counts of possession of a destructive device in violation of section 18715. The trial court sentenced him to two years on one of the counts, and concurrent two-year terms on the remaining counts. After applying custody credits, the court suspended execution of the entire remaining sentence and placed the defendant on mandatory supervision pursuant to section 1170, subdivision (h)(5). The People objected on the ground that section 18780 expressly prohibits the suspension of a sentence or a grant of probation for persons convicted under section 18715. The Court of Appeal argued with the People that section 18780 unequivocally barred the grant of probation and the suspension of sentence. (*Id*. at p. 964.)

*Borynack*, *supra*, 238 Cal.App.4th 958, does not concern section 17, subdivision (b). The court in *Borynack* was not required to state that mandatory supervision means placing the defendant on probation. It could have stopped when it said that mandatory supervision means suspending the execution of the defendant's sentence, also barred by section 18780. Thus, the statement on which Taylor relies is dicta. To the extent Taylor relies on *Borynack*, for the proposition that mandatory

4

supervision is the functional equivalent of probation, our Supreme Court has stated otherwise in *Bryant*, *supra*, 11 Cal.5th 976. Finally, Taylor cannot escape that he was imprisoned in the county jail under section 1170, subdivision (h).

Taylor's reliance on section 1203.3, subdivision (a), is also misplaced. That section provides in part: "The court . . . has the authority at any time during the term of mandatory supervision pursuant to subparagraph (B) of paragraph (5) of subdivision (h) of Section 1170 to revoke, modify, or change the conditions of the court's order suspending the execution of the concluding portion of the supervised person's term."

Section 1203.3 authorizes the court to revoke, modify, or change the conditions of mandatory supervision. It does not authorize the court to reduce a hybrid sentence from a felony to a misdemeanor.

## DISPOSITION

The order denying Taylor's petition under section 17, subdivision (b), is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

BALTODANO, J.

5

Jesse J. Marino, Judge

Superior Court County of San Luis Obispo

_____

Sanger Swysen & Dunkle and Stephen K. Dunkle, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Christopher G. Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.